Gary LAWRENCE, Appellant,

v.

A.L. LOCKHART, Appellee.

No. 84–1249.

United States Court of Appeals,
Eighth Circuit.

Submitted Nov. 12, 1984.

Decided July 8, 1985.
Rehearing Denied Aug. 13, 1985.

John L. Burnett, Little Rock, Ark., for appellant.

Michael E. Wheeler, Asst. Atty. Gen., Little Rock, Ark., for appellee.

Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.

HENLEY, Senior Circuit Judge.

Gary Lawrence was convicted in Arkansas state court of felony theft, and received an enhanced fifteen-year sentence under an habitual offender statute, Ark.Stat.Ann. § 41–1001 (1977) (amended 1983). His conviction was affirmed on direct appeal and his request for post-conviction relief was denied.

Petitioner filed a habeas corpus petition under 28 U.S.C. § 2254 alleging ineffective assistance of counsel because his lawyer did not object to the introduction of Lawrence's "pen packet" at the sentencing phase of the trial. The state now concedes that the "pen packet" was inadmissible and would have been excluded on objection. Following examination of the pleadings and exhibits including a transcript of the state criminal trial, the district court[1] denied Lawrence's petition without an evidentiary hearing. We affirm.

Appellant was convicted of stealing copper wiring from a railroad telephone line. At trial it was established that he was arrested near the scene of the theft in an automobile which contained the wire and wirecutters. He and two other defendants were wet and muddy, as was the ground along the telephone line, and they had blue-green residue on their hands. Petitioner falsely identified himself to the sheriff as Gary Larson.

Lawrence's alibi was that he became wet and muddy while going on a walk with his girlfriend. He testified that when he left her house that morning after a weekend of partying he fell asleep in the back seat of the car while a codefendant drove. Petitioner alleges that the next thing he remembers was being arrested. He stated that he gave the sheriff a false name because he was on parole for a prior conviction and did not have permission to be out of Pulaski County (he was arrested in Perry County). Lawrence admitted his prior convictions, admitted having used aliases, and in effect stated that, while he had been "bad" in the past, he had behaved recently. The jury deliberated for approximately two and one-half hours before finding petitioner guilty.

At the sentencing phase of the trial, Lawrence's "pen packet" was introduced to prove his prior convictions. This packet contained not only copies of Lawrence's three prior felony convictions, but also his complete arrest record, military discipline record, notations of aliases, prison work assignments and discipline record, mugshots, and other personal data relevant to the sentencing task at hand. The transcript discloses that the packet was not read in full to the jury, but rather it was received into the record and the jurors were told that it contained a list of Lawrence's arrests, various charges, personal data, and felony convictions. There is nothing in the record which reveals that the packet was handed to the jury for inspection or that it was taken to the jury room during deliberations. Only the three prior felony convictions were detailed.

■ In order to prove ineffective assistance of counsel, Lawrence must prove (1) that his attorney's actions were unreasonable when viewed in the totality of the circumstances; and (2) that he was prejudiced because there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984); *Ryder v. Morris*, 752 F.2d 327, 331 (8th Cir.1985). The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 104 S.Ct. at 2066; *Kellogg v. Scurr*, 741 F.2d 1099, 1101 (8th Cir.1984); *Bell v. Lockhart*, 741 F.2d 1105, 1106 (8th Cir.1984). This presumption is created to "eliminate the distorting effects of hindsight" and recognizes that "it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Strickland*, 104 S.Ct. at 2065; *see Ryder*, 752 F.2d at 331.

■ We believe that Lawrence has failed to establish both prongs of the *Strickland* test. First, there is no showing that defense counsel's actions were unreasonable.

---

1. The Honorable G. Thomas Eisele, Chief Judge, United States District Court, Eastern District of Arkansas.

At a pretrial conference and on motion to suppress, petitioner's lawyer zealously attempted to prevent the introduction of the copper wiring at trial. Counsel argued that Lawrence had been making payments to a codefendant to acquire an interest in the car, and therefore had standing to contest the legality of the warrantless search of the car. The defendant concoted, and the lawyer skillfully presented, a defense credibility of which is evidenced by the fact that the jury deliberated for a substantial number of hours in spite of the fact that very damaging evidence had been presented against the petitioner.

Moreover, having reviewed the full state court trial transcript at length, we find no evidence that the introduction of the packet was harmful to or substantially prejudiced Lawrence's case. As stated, nothing in the record established that the jury read the contents of the packet, and, in fact, the bulk of what the jurors were told it contained had already been disclosed through petitioner's testimony or through that of the state's witnesses.

In conclusion, we find that defense counsel acted reasonably and petitioner was not prejudiced by his counsel's actions.

Accordingly, the judgment of the district court is affirmed.