Robert SANDERS, Appellant,

v.

Myrna TRICKEY, Superintendent, Missouri Eastern Correctional Center, and William L. Webster, Missouri Attorney General, Appellees.

No. 88–2182EM.

United States Court of Appeals, Eighth Circuit.

Argued April 10, 1989.

Decided May 24, 1989.

Howard B. Eisenberg, Carbondale, Ill. (appointed), for appellant.

Patrick King, Asst. Atty. Gen., Jefferson City, Mo., for appellee.

Before FAGG, FLOYD R. GIBSON and TIMBERS,* Circuit Judges.

TIMBERS, Circuit Judge.

Robert Sanders (appellant), a Missouri state prisoner, appeals from a judgment entered July 28, 1988 in the Eastern District of Missouri, Eastern Division, Clyde S. Cahill, *District Judge*, which adopted the report and recommendation of Magistrate William S. Bahn and denied appellant's petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (1982). Appellant was convicted of first degree robbery, Mo.Rev.Stat. § 569.020 (1978), on December 21, 1982 following a jury trial. He was sentenced to life imprisonment as a persistent offender.

Appellant commenced the instant habeas action alleging that, under *Strickland v. Washington*, 466 U.S. 668 (1984), he was prejudiced at trial by the ineffectiveness of his counsel. He claims that his trial counsel was ineffective because she failed to interview an alleged accomplice who appellant claims might have testified that appellant was innocent of the robbery for which he was convicted. Appellant also claims that his trial counsel was ineffective because she failed to subpoena properly or call to testify several potential witnesses who appellant asserts would have impeached two other witnesses who identified appellant at trial as a participant in the robbery.

We hold that defense counsel's decision not to interview the alleged accomplice did not constitute ineffective assistance of counsel because it reflected a valid strategic consideration. We also hold that appellant has failed to show that he was prejudiced either by defense counsel's failure to interview the alleged accomplice, or her failure to subpoena or call the potential impeachment witnesses.

We affirm.

* Of the Second Circuit, sitting by designation.
1. Denise Irona also is referred to as Denise "Irons" in the record. For the sake of consistency, we shall refer to her in this opinion as "Denise".

I.

We shall summarize only those facts and prior proceedings believed necessary to an understanding of the issues raised on appeal.

The robbery for which appellant was convicted occurred on December 22, 1981 at Finlay's Fine Jewelry (Finlay's) counter in the Stix, Baer & Fuller department store at the Westroads Mall in St. Louis County, Missouri. Kevin Peistrup (Peistrup), an employee of Finlay's working at the counter, was on his knees straightening out a display case when he was approached by a man and a woman. When Peistrup asked the man and woman whether he could be of assistance, the man pulled a gun and ordered Peistrup to stand back. The woman attempted to open the jewelry display cases without success. Peistrup was ordered to open them for her. Peistrup complied with this demand. The woman emptied the cases.

Meanwhile Steve Huber (Huber), a second Finlay's employee then at the back of the jewelry department, noticed several people standing by Peistrup and went over to help him. As Huber approached Peistrup, a second man shouted a warning to the gunman, who pointed his gun at Huber and held him at bay. The robbers escaped with more than $80,000 in jewelry which has never been recovered.

The police showed several photos of potential suspects to Peistrup and Huber. At first, Peistrup picked out a photo of one David Little (Little) as possibly being that of the gunman. It appears that Huber also may have identified Little as the gunman. Later, however, both Peistrup and Huber identified appellant's picture in a photo array as that of the gunman. Six months later both picked appellant out of a line-up. At trial, they also identified appellant as the gunman.

Before trial, appellant retained Susan Roach (Roach) as his trial counsel. As part of her preparation for trial, Roach telephoned Denise Irona (Denise)[1], a woman

being held for separate trial as the suspected female robber. Appellant apparently had told Roach that he thought it possible that Denise might testify at his trial that she had participated in the robbery but that he had not. After this phone conversation and for various reasons, Roach abandoned the idea of calling Denise to testify at appellant's trial. She did not speak to her again. Denise later pleaded guilty to participating in the robbery.

Roach also attempted but failed to subpoena three police officers she had hoped would impeach the identifications by Peistrup and Huber of appellant. At one point during the trial Roach obtained a half-day continuance so that she could obtain the officers' testimony. When she was unable to do so, the trial judge refused to grant a further continuance.

Roach decided not to call another potential witness who had been working at the department store at the time of the robbery. The witness apparently had expressed some doubts as to appellant's guilt. Roach interviewed this witness, but decided not to call her because Roach thought that the witness was hostile, that her information was "worthless", that the witness was potentially uncontrollable, and that she might possibly blurt out some information prejudicial to appellant while on the witness stand.

Appellant was convicted of first degree robbery and was sentenced to life imprisonment. Roach withdrew as appellant's counsel following his sentencing. Appellant's conviction was affirmed on direct appeal. *State v. Sanders*, 661 S.W.2d 52 (Mo.Ct.App.1983). Appellant then pursued a collateral attack on his conviction in the St. Louis County Circuit Court pursuant to Missouri Supreme Court Rule 27.26 (Rule 27.26 proceeding), claiming in part that Roach had provided inadequate assistance of counsel at trial under *Strickland, supra*. The state Circuit Court rejected this claim. The Missouri Court of Appeals, however, reversed, holding that Roach's failure to interview Denise constituted ineffective assistance of counsel. The Missouri Supreme Court accepted transfer and re-versed the Court of Appeals, holding that Roach's performance as defense counsel had not been ineffective. *Sanders v. State*, 738 S.W.2d 856 (Mo.1987).

Appellant then commenced the instant habeas action in the Eastern District of Missouri, again claiming that Roach's performance had been ineffective. The district court adopted the magistrate's report and recommendation and denied the petition. We granted a certificate of probable cause pursuant to 28 U.S.C. § 2253 (1982). This appeal followed.

For the reasons set forth below, we affirm.

## II.

In *Strickland, supra*, the Supreme Court set forth a two-step analysis which we must apply in evaluating a claim of ineffective assistance of counsel. First, appellant "must show that counsel's performance was deficient", in that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment". *Strickland, supra*, 466 U.S. at 687. The standard of conduct is that of a reasonably competent attorney. *Id.* To comply with this requirement, appellant must prove that his counsel's assistance fell below an objective standard of reasonableness, considering all of the circumstances faced by the attorney at the time in question. *Id.* at 688–89; *York v. Lockhart*, 856 F.2d 61, 63 (8th Cir.1988).

There is a "wide range" of reasonable professional assistance. A court must avoid second-guessing trial strategy. Accordingly, appellant must overcome a "strong presumption" that his counsel's actions constituted reasonable trial strategy under the circumstances. *Strickland, supra*, 466 U.S. at 689; *Walker v. Lockhart*, 852 F.2d 379, 381 (8th Cir.1988), *cert. denied*, —— U.S. ——, 109 S.Ct. 1551, 103 L.Ed.2d 854 (1989). *See also United States v. Cronic*, 466 U.S. 648, 658 (1984) ("we presume that the lawyer is competent to provide the guiding hand that

the defendant needs [and] the burden rests on the accused to demonstrate a constitutional violation").

Second, appellant must show that he was prejudiced by his counsel's ineffectiveness, or that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt". *Strickland, supra,* 466 U.S. at 695. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

■ Finally, as in all proceedings under 28 U.S.C. § 2254, we must presume that state court findings of fact are correct if reliably and specifically made and set forth in writing after a full and fair hearing. 28 U.S.C. § 2254(d) (1982); *Drake v. Wyrick,* 640 F.2d 912, 914–15 (8th Cir.1981); *Franklin v. Wyrick,* 529 F.2d 79, 82–83 (8th Cir.), *cert. denied,* 425 U.S. 962 (1976). A state court's finding that counsel rendered effective assistance, however, is not a finding of fact but a mixed question of law and fact reviewable *de novo. Strickland, supra,* 466 U.S. at 698; *Walker, supra,* 852 F.2d at 381. The underlying findings of fact, however, are entitled to the presumption of correctness. *Strickland, supra,* 466 U.S. at 698; *Walker, supra,* 852 F.2d at 381.

With these general principles in mind, we turn to appellant's claims.

### III.

■ Appellant contends that Roach provided ineffective assistance of counsel in that she failed to interview Denise, and that this failure prejudiced him. He asserts that Roach's failure to interview Denise reflected incompetence because Roach might have learned that Denise was willing to provide exculpatory testimony by admitting participation in the robbery and stating that appellant was not the gunman.

It is undisputed that Roach never conducted an extensive interview of Denise

prior to appellant's trial. The Missouri Supreme Court, however, found during its review of the Rule 27.26 proceeding that Roach had telephoned Denise but that "[e]vidently no information beneficial to [appellant] was obtained during this conversation". *Sanders, supra,* 738 S.W.2d at 859. Roach testified that after this conversation there were several reasons why she thought it was unlikely that Denise would testify on appellant's behalf.

First, Roach apparently learned that Denise wanted to distance herself from appellant. Second, Roach testified that statements made by appellant led her to believe that there also was "bad blood" between appellant and Denise, making it unlikely that Denise would agree to help him. Indeed, Roach testified that when she informed appellant that she had decided not to interview Denise further, he had appeared indifferent. Finally, Roach testified that, since Denise had not yet pleaded guilty, she had doubted that Denise's attorney would have permitted her to testify about the robbery.

Roach also testified that she did not call Denise as a witness because she wanted to avoid suggesting any connection between Denise and appellant. Roach thought that the suggestion of such a connection would be damaging to appellant, and that "to call her as a witness ... would be ridiculous under the circumstances". Indeed, Roach succeeded in suppressing other evidence establishing such a connection.[2] This strikes us as precisely the sort of reasoned strategic decision of counsel that is "virtually unchallengeable". *Strickland, supra,* 466 U.S. at 690.

Appellant admits that Roach might have made a valid strategic decision not to call Denise as a witness, *if* she at least had interviewed her and had learned that her testimony was of no value. Indeed, strategic decisions of counsel are "virtually unchallengeable" only after a "thorough investigation of law and facts". *Id.* Appellant challenges less the decision not to call Denise to testify than the basis upon which

---

**2.** The police apparently seized a notebook from appellant that contained Denise's telephone number. It was this notebook that Roach succeeded in having suppressed.

the decision was made. The challenge has two components.

First, appellant argues that Roach's conduct was particularly egregious because she never talked to Denise, even on the telephone. This directly conflicts with the finding by the Missouri Supreme Court that Roach talked briefly with Denise on the telephone but that Roach learned nothing of benefit to appellant. *Sanders, supra,* 738 S.W.2d at 859. Appellant acknowledges this finding but asserts that it is clearly erroneous and in conflict with a finding of the trial court in the Rule 27.26 proceeding that Roach never telephoned Denise.

A reading of the trial court's opinion, however, discloses no such finding. Appellant quotes several parts of Roach's testimony in which he claims Roach admits to not "calling" Denise. A reading of these parts in context, however, clearly indicates that Roach was using the words "calling" or "to call" in the context of "to call" a witness to testify—and not "to call" on the telephone.[3] The only state court finding therefore as to whether Roach telephoned Denise is that of the Missouri Supreme Court. It is supported by the record and is entitled to the presumption of correctness required by § 2254(d). *Summer v. Mata,* 449 U.S. 539, 546–47 (1981) (presumption also applies to state appellate court findings of fact).

Second, appellant cites several Eighth Circuit cases holding that failure to interview potential witnesses constituted ineffective assistance of counsel. *E.g., Eldridge v. Atkins,* 665 F.2d 228 (8th Cir. 1981), *cert. denied,* 456 U.S. 910 (1982); *Thomas v. Wyrick,* 535 F.2d 407 (8th Cir.), *cert. denied,* 429 U.S. 868 (1976); *McQueen v. Swenson,* 498 F.2d 207 (8th Cir.1974). There is, however, no per se rule that failure to interview witnesses constitutes ineffective assistance. Ineffective assistance cases turn on their individual facts. *Langston v. Wyrick,* 698 F.2d 926, 931 (8th Cir. 1982)[4].

*Eldridge, supra,* is the closest to the facts of appellant's case.[5] In *Eldridge,* we held that failure to interview a witness claimed to be defendant's accomplice in part constituted ineffective assistance of counsel. Defense counsel had assumed that the alleged accomplice would be uncooperative and would plead the 5th Amendment if called to testify. The Court stressed that defense counsel was unjustified in making this assumption. *Id.* at 235.

*Eldridge,* however, is distinguishable. First, in *Eldridge,* defense counsel failed to interview several other witnesses and generally conducted an inadequate investigation, although he had numerous indications that a thorough investigation might produce considerable evidence to the defendant's advantage. In the instant case, however, appellant's only allegation that

---

3. Roach's pertinent testimony is as follows:
 Q. Did you interview [Denise]?
 A. No, I did not.
 Q. Did you intend to call her?
 A. No. The reason I did not intend to. There was reference made a [sic] book diary that was seized from [appellant] ..., and that book was surpressed [sic] ..., and I felt that any link between he and [Denise] would only be damaging to him. That is the basic reason I wanted the book kept out of the evidence. I didn't want to link [Denise], and to call her as a witness would be ridiculous in my opinion under the circumstances.
 Q. Did you consider interviewing Denise Irona?
 A. I believe not. *I did call Denise.* At the time I don't recall how that was. It was before the book was suppressed....

Transcript of Evidentiary Hearing Held on July 3, 1985 before Judge Hartenbach at 46–47 (emphasis added).

4. Although many Eighth Circuit ineffective assistance of counsel cases pre-date *Strickland,* our pre-*Strickland* analysis developed until it was virtually identical to the *Strickland* analysis. Thus, we believe many of these cases remain good law, at least to the extent that we cite them here.

5. *Thomas* and *McQueen* are clearly distinguishable. In both cases, the defense counsels had the "absurd and dangerous policy" of not interviewing any prosecution witnesses prior to trial. *Thomas, supra,* 535 F.2d at 413; *McQueen, supra,* 498 F.2d at 216. Appellant does not claim that Roach followed such a policy in the instant case.

Roach conducted an inadequate investigation is his contention that she should have interviewed Denise. Roach also had some indications that Denise would provide little or no useful information.

It is chiefly because of the latter consideration that we believe Roach's failure to interview Denise did not constitute ineffective assistance of counsel. Roach cannot be said to have been ineffective because she failed to interview a witness she had little reason to believe would be useful or helpful. *Langston, supra,* 698 F.2d at 932; *Drake, supra,* 640 F.2d at 914–15. Roach had spoken to Denise on the telephone and had come away with no useful information. She was aware that there was bad blood between Denise and appellant, and that Denise was trying to distance herself from appellant. Roach's trial strategy was based in part on trying to avoid demonstrating a connection between appellant and Denise. In view of these factors, we do not believe Roach was ineffective because she decided not to interview Denise.

■ Nevertheless, assuming arguendo that we were to find that Roach had been ineffective by reason of her failure when she failed to interview Denise, that would not change the result. Appellant's claim also must fail because he has not shown how he was prejudiced by Roach's failure to interview Denise. Roach has produced no affidavit or testimony from Denise to the effect that she would have testified at trial that appellant was innocent. All that appellant offers is speculation that Denise *might* have testified that appellant was innocent. This is simply inadequate to "undermine confidence in the outcome". *Strickland, supra,* 466 U.S. at 694.

Indeed, in the cases in our Court holding that inadequate assistance of counsel prejudiced a defendant, a clear showing was made that important potential testimony would have been discovered in an interview. *E.g., Eldridge, supra,* 665 F.2d at 235–36; *Hawkman v. Parratt,* 661 F.2d

1161, 1168–69 (8th Cir.1981); *Morrow v. Parratt,* 574 F.2d 411, 413–14 (8th Cir. 1978); *Thomas, supra,* 535 F.2d at 414–15. Since appellant offers only speculation that he was prejudiced by the failure of his counsel to interview Denise, he has not made the required showing of prejudice under *Strickland.*

Appellant attempts to show prejudice by suggesting that the jury—because of the length of its deliberations, the questions it asked during its deliberations and the trial court's giving of an *Allen* charge [6]—was wrestling with the adequacy of the evidence and that it would not have taken much more to convince the jury that there was a reasonable doubt as to appellant's guilt. Even if this were so, appellant still has offered nothing more than speculation that Denise might somehow have testified and provided the reasonable doubt. We are well aware that *Strickland* teaches that a lesser showing of prejudice is required when the case against a defendant is weak, *Strickland, supra,* 466 U.S. at 696, but here appellant has offered *no* showing of prejudice whatsoever.

We therefore decline appellant's invitation to speculate. Indeed, we believe our refusal to speculate is required by the concern expressed in *Strickland* that "[j]udicial scrutiny of counsel's performance must be highly deferential", *Strickland, supra,* 466 U.S. at 689, 104 S.Ct. at 2065, in order to avoid a proliferation of intrusive post-trial inquiry into attorney performance that would chill such performance and willingness to serve. *Id.* at 690. Although this was addressed to the performance prong of *Strickland,* we believe that the concern is equally valid here. Nothing would encourage a proliferation of ineffectiveness of counsel claims more than to permit an accused to establish the prejudice prong of *Strickland* on a showing of nothing more than speculation that he had been prejudiced by his counsel's performance.

We hold that Roach's decision not to interview Denise did not constitute ineffec-

**6.** Pursuant to *Allen v. United States,* 164 U.S. 492, 501–02 (1896).

tive assistance of counsel. We also hold that, even if her performance may be said to have been ineffective, appellant has failed to show that he was prejudiced by the claimed ineffectiveness.

## IV.

 Appellant also contends that Roach's failure to subpoena properly or call to testify four potential witnesses constituted ineffective assistance of counsel. Three of the potential witnesses were police officers involved in the pre-trial identification of appellant by Peistrup and Huber. Roach apparently hoped to use the testimony of the officers to impeach the trial identification by Peistrup and Huber.

Roach, however, was unable to subpoena the officers. She entrusted the service of the subpoenas to a law student who left them in the hands of a police department secretary. The officers apparently never received the subpoenas. The law student also failed to file the subpoena returns. Roach was unaware that the officers had not been properly subpoenaed until they failed to arrive in court at the proper time.[7] The trial court allowed her a half-day continuance to obtain the officers' testimony, but when she was unable to do so or demonstrate that the subpoenas had been served, the court refused to grant a further continuance.

We need not decide whether Roach's failure to obtain the officers' testimony constituted ineffective assistance of counsel, because that failure did not prejudice appellant.[8] It appears that Roach wanted to call the officers because they had taken descriptions of the gunman from Peistrup and Huber that differed from physical characteristics of appellant. The officers also were present when Peistrup and Huber picked out Little's photo as that of a potential suspect.

At trial, however, Roach extensively cross-examined Peistrup and Huber on the descriptions of the gunman they had given to the police, including the circumstances under which the descriptions were given. Although Peistrup could not remember the description he gave the police, Huber remembered the description he gave, which apparently differed considerably from appellant's physical characteristics. Also, during appellant's case-in-chief Roach physically produced Little and got Peistrup and Huber to admit that they once thought or may have thought that Little might have been the gunman. It is clear that any weaknesses in Peistrup's and Huber's identification of appellant were brought out by Roach. The officers' testimony at best would merely have been duplicative.[9] Furthermore, although there is some suggestion that Roach wanted to accuse one officer of bias that might have influenced the pretrial identification by Peistrup and Huber of appellant, appellant offers nothing more than speculation on this point. Appellant therefore has failed to show how he was prejudiced by the failure to subpoena the officers.

 Appellant further contends that Roach was ineffective in that she failed to call Brenda Elder (Elder) to testify.[10] Elder had been working in the department store at the time of the robbery. She had suggested that appellant may not have been the gunman. Roach attempted to

---

7. At the time, one of the officers apparently was waiting just outside the courtroom so that Roach could interview or subpoena him. Roach, however, was unaware of this and made no effort to procure his testimony.

8. A court may decline to decide if an attorney's conduct constituted ineffective assistance of counsel if it can dispose of the claim on the ground that no prejudice resulted from the attorney's conduct. *Strickland, supra,* 466 U.S. at 697.

9. At the state circuit court hearing during the Rule 27.26 proceeding, Roach described the physical differences between Little and appellant as "quite remarkable". This also suggests that the testimony of the police officers would have made no difference in the outcome of the trial.

10. In the district court appellant also challenged Roach's failure to call a fifth witness to testify. The Court rejected the challenge. Appellant does not question that action here. We treat this claim as waived on appeal.

212

subpoena Elder without success, but apparently abandoned the idea of having Elder testify after interviewing her.

During the interview Roach learned that Elder was hostile to her client and would be difficult to control on the witness stand. Roach also learned that Elder had read in a newspaper that appellant had been accused of trying to kill a man by running over him with a car. In view of Elder's hostility, Roach was afraid that she might blurt out this highly prejudicial matter on the stand. She also reached the conclusion that Elder's testimony was "useless". For these reasons, Roach decided not to call Elder as a witness, obviating the need to subpoena her. This is precisely the sort of strategic trial decision that *Strickland* protects from second-guessing. The failure to call Elder did not constitute ineffective assistance of counsel.

We hold that appellant was not prejudiced by Roach's failure to subpoena and call to testify the three police officers. We also hold that Roach's decision not to call Elder as a witness did not constitute ineffective assistance of counsel.

### V.

To summarize:

We hold that Roach's decision not to interview Denise did not constitute ineffective assistance of counsel, and that appellant has not shown how the decision not to interview Denise prejudiced him. We also hold that appellant has not shown that Roach's failure to subpoena the three police officers prejudiced him. Finally, we hold that Roach's decision not to call Elder to testify did not constitute ineffective assistance of counsel.

Affirmed.