**Edward L. WING, Appellant,**

v.

**Willis SARGENT, Warden, Arkansas Department of Correction, Appellee.**

**No. 90–2027.**

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1991.

Decided Aug. 8, 1991.

Doug Norwood, Rogers, Ark., for appellant.

J. Brent Standridge, argued (Clint Miller, on brief), Little Rock, Ark., for appellee.

Before FAGG and LOKEN, Circuit Judges, and SNEED,* Senior Circuit Judge.

---

* The HONORABLE JOSEPH T. SNEED, Senior United States Circuit Judge for the Ninth Circuit, sitting by special designation.

LOKEN, Circuit Judge.

Edward L. Wing appeals from the district court's[1] denial of his petition for a writ of habeas corpus following an evidentiary hearing. Wing argues that his trial counsel was ineffective because, in pursuit of a foolish trial strategy, counsel failed to interview several potential defense witnesses and the key prosecution witnesses. We affirm.

## I.

Early one morning in January 1984, burglars broke into a King Pizza restaurant in Fayetteville, Arkansas and stole the coins out of several video games. When the police arrived they followed two sets of footprints in the snow from the restaurant to a house where Wing lived with two other men. Landon Pratt, one of the housemates, told the police that the other two, Kevin Gates and Wing, had committed the crime. The police obtained a search warrant, searched the house, found almost $300 in a pillow case in the attic, and arrested Gates and Wing.

At Wing's trial, Gates, who had pleaded guilty, testified that he and Wing had committed the burglary. Pratt corroborated Gates's testimony. Wing's trial counsel cross-examined all but one of the state's witnesses, recalled Gates and Pratt as part of Wing's defense, but did not call any new witnesses for the defense. The jury found Wing guilty of burglary and theft of property. His conviction was affirmed, *Wing v. State*, 286 Ark. 494, 696 S.W.2d 311 (1985), and his petition for post-conviction relief to the state court was denied in an unpublished opinion. Wing then filed this petition for federal habeas corpus relief. After holding an evidentiary hearing the district court denied the petition; this appeal followed.

At the evidentiary hearing, Wing testified that he gave his counsel a list of potential defense witnesses who would testify that Gates or Pratt had made statements after the burglary implicating Pratt, not Wing, as the second burglar. This list included Donald Wing (Wing's brother) and Dickie Spears, both former clients of Wing's trial counsel. Donald Wing testified at the hearing that he had asked Gates, while the two of them were in a holding cell, if Wing had committed the burglary and Gates had answered, "Oh, no, he was just staying at the house." Spears also testified about a conversation that he had with Gates: "He told me he felt Ed [Wing] was getting a bad deal because Ed was in bed asleep when him and the other dude went and done it, and that the DA had made him a deal that they would let him off if he would testify against Ed."

Wing's trial counsel then testified as to his trial strategy. He realized that the prosecution had little evidence implicating Wing besides the testimony of Gates and Pratt. Under Arkansas law, Wing could not be convicted of this felony based upon uncorroborated accomplice testimony. Gates was an admitted accomplice. Thus, if the jury concluded Pratt was an accomplice, Wing might be acquitted because of a lack of corroborating evidence. Moreover, if the trial court failed to give an accomplice instruction as to Pratt, counsel hoped to obtain a reversal on this ground, following which the prosecutor might offer Wing a more favorable plea agreement rather than conduct a second trial. In pursuing this strategy, counsel contacted Gates's attorney before trial and obtained Gates's cooperation so that, when Gates was recalled as a witness for the defense, he gave evidence that subtly painted Pratt as a possible accomplice. Counsel then requested the accomplice instruction. When the trial court gave that instruction, counsel's instruction error strategy was foiled, but he was then able to stress in closing argument that the jury should find that Pratt was in fact an accomplice.

With regard to Wing's list of witnesses, counsel testified that before trial he interviewed one of those persons who said he would not testify because his original as-

1. The Honorable H. Franklin Waters, United States District Judge for the Western District of Arkansas, Fayetteville Division.

sertion—that Gates had said Wing was not involved in the crime—was a made up story. Counsel testified that he chose not to call Donald Wing and Spears because he did not think they were believable and, moveover, their testimony would have frustrated his strategy by making obvious the need for an accomplice instruction as to Pratt.

## II.

Wing argues that his trial counsel was ineffective for failing to make use of witnesses who would have refuted the trial testimony of Gates and Pratt. Under *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to establish ineffective assistance of counsel, Wing must prove ineffectiveness and prejudice, that is, he "must show that counsel's performance was deficient," or below an objective standard of reasonableness, and that "there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 687, 695, 104 S.Ct. at 2064, 2068–69. In this case, we agree with the district court that Wing failed to prove that the assistance of his trial counsel was legally ineffective.

At the evidentiary hearing only Dickie Spears and Donald Wing testified as to what their trial testimony would have been had they been called as defense witnesses. Wing has the burden of proving that his counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 691, 104 S.Ct. at 2066; *Laws v. Armontrout*, 863 F.2d 1377, 1387 (8th Cir.1988) (en banc), *cert. denied*, 490 U.S. 1040, 109 S.Ct. 1944, 104 L.Ed.2d 415 (1989). Wing's speculation as to how the others on his list would have testified fails to meet his burden of proof that counsel's assistance was ineffective. *See Cross v. O'Leary*, 896 F.2d 1099, 1100 (7th Cir. 1990); *Sanders v. Trickey*, 875 F.2d 205, 210 (8th Cir.), *cert. denied*, — U.S. —, 110 S.Ct. 252, 107 L.Ed.2d 201 (1989).

With respect to Spears and Donald Wing, Wing first alleges that his trial counsel was ineffective in failing to interview them. As to decisions made after less than complete investigation, *Strickland* noted that "a particular decision not to investigate must be directly assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." 466 U.S. at 691, 104 S.Ct. at 2066. Wing's counsel testified that he knew these witnesses and the substance of their potential trial testimony—that Gates had told them that Pratt, not Wing, was the second burglar. Counsel's decision not to call them was based upon his perception that their testimony would not be believed and would be inconsistent with his own trial strategy. Under these circumstances, counsel's decision to not interview the witnesses was reasonable and in any event had no impact upon his performance at trial.

Wing's real complaint is that counsel decided not to call these witnesses at trial and instead pursued a trial strategy that ultimately proved unsuccessful. Counsel's testimony at the evidentiary hearing confirms that he made a reasoned decision not to call Spears and Donald Wing as defense witnesses. Counsel knew that they had extensive criminal histories and was convinced that the jury would not believe them. He knew they had no first-hand knowledge of the crime and could only be used to impeach Gates and Pratt, or possibly to offer an admission by Gates that was exculpatory as to Wing. Counsel also knew that a third witness had recanted a similar story. Finally, counsel believed that their testimony would alert the judge to the need for an accomplice jury instruction as to Pratt, which would have undermined counsel's strategy to create reversible error.

Counsel's strategic decisions "made after a thorough investigation of law and facts ... are virtually unchallengeable," *Strickland*, 466 U.S. at 690, 104 S.Ct. at 2066, even if that strategic decision proves unwise. *See Walker v. Lockhart*, 852 F.2d 379, 381 (8th Cir.1988), *cert. denied*, 489 U.S. 1088, 109 S.Ct. 1551, 103 L.Ed.2d 854 (1989). The fact that hindsight later reveals defects in counsel's strategy does not render that strategy unreasonable. *Couch v. Trickey*, 892 F.2d 1338, 1343 (8th Cir.

1989). Nor is counsel ineffective under constitutional standards "merely because other lawyers may have used another strategy." *Walker*, 852 F.2d at 383.

Accordingly, we agree with the district court that Wing's trial counsel had a plausible trial strategy, regardless of its ultimate lack of success, and a reasoned basis, consistent with that strategy, for not calling Spears and Donald Wing as trial witnesses. Wing complains that this strategy was patently unreasonable because there was *no* effort to defend him at trial, only an ill-fated attempt to create reversible error. However, the trial transcript confirms that counsel made a strong attempt to convince the jury that Pratt was an accomplice, as well as to lead the trial judge into instruction error.

 Finally, Wing's claim that his counsel was ineffective for failing to interview prosecution witnesses is without merit. Counsel attended Gates's guilty plea proceeding and heard the substance of Gates's subsequent testimony at Wing's trial. Counsel was unable to find Pratt before trial, but the prosecution's open file policy gave counsel access to the prosecutor's file, including copies of police reports containing Pratt's detailed witness statement. Thus, counsel knew in advance the substance of these witnesses' testimony, cross-examined them thoroughly, and even recalled them as part of Wing's case in chief. Accordingly, counsel's choice not to interview these witnesses did not affect his performance at trial and was not ineffective assistance of counsel.

For the foregoing reasons, the judgment of the district court is affirmed.