_____

No. 96-3139
_____

United States of America,        *
                                *
        Appellee,        *
                                * Appeal from the United States
    v.                 * District Court for the
                                * Eastern District of Missouri.
Frederick Smith,          *      [UNPUBLISHED]
                                *
        Appellant.       *

_____

Submitted:  February 6, 1997

Filed:  February 11, 1997
_____

Before BOWMAN, WOLLMAN, and BEAM, Circuit Judges.
_____

PER CURIAM.

Frederick Smith appeals the district court's[1] denial of his motion to withdraw his guilty plea and challenges his sentence under the Guidelines range for crack cocaine.  We affirm.

In a one-count indictment, the government charged Smith and Pamela Jackson with conspiracy to possess more than 50 grams of cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1).  On March 4, 1996, the day trial was scheduled to begin, Smith requested to be relieved of his appointed counsel for lack of consultation, for failure to contact his witnesses, and because he had not received discovery in sufficient time.  After consulting with his counsel, however, Smith withdrew his request and pleaded guilty.  Six weeks later, Smith moved to withdraw his plea,

_____

[1]The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

alleging ineffective assistance of counsel. Following a hearing, the district court denied the motion, finding that counsel's actions did not constitute ineffective assistance.

We find that the district court did not abuse its discretion in denying Smith's motion to withdraw his guilty plea. See Fed. R. Crim. P. 32(e) (defendant bears burden to show "fair and just reason" to withdraw guilty plea); United States v. Wicker, 80 F.3d 263, 266 (8th Cir. 1996) (standard of review). The district court found credible counsel's testimony that although he did not interview Smith's defense witnesses, he knew the substance of their testimony and could have talked to them on the day of trial before putting them on the stand. See id. at 268 (credibility determinations virtually unreviewable on appeal); Wing v. Sargent, 940 F.2d 1189, 1192 (8th Cir. 1991) (counsel not ineffective for failing to interview witnesses when he knew substance of their testimony). Moreover, Smith did not present what the testimony of these witnesses would have been or how it would have helped him. See Kramer v. Kemna, 21 F.3d 305, 309 (8th Cir. 1994) (no ineffective assistance when defendant fails to make substantial demonstration of exculpatory evidence from witnesses not interviewed). Nor was counsel ineffective for not attempting to interview Jackson, given that her attorney would have advised her to refuse. See United States v. Cheatham, 899 F.2d 747, 753 (8th Cir. 1990) (government witness has privilege to refuse interview); Garrett v. United States, 78 F.3d 1296, 1303 n.11 (8th Cir.) (no ineffective assistance for counsel's failure to perform acts appearing to be futile or fruitless), cert. denied, 117 S. Ct. 374 (1996). Counsel also was not ineffective for not conducting further investigation of Jackson. See Wallace v. Lockhart, 701 F.2d 719, 727 (8th Cir.) (no ineffective assistance when defendant fails to show prejudice from alleged inadequate investigation of witness), cert. denied, 464 U.S. 934 (1983).

Prior to sentencing, Smith filed a "Request for Evidentiary Hearing," in which he argued that "cocaine base/crack cocaine is

'synonymous' with cocaine hydrochloride," and that the substance for which he was indicted was actually cocaine hydrochloride. Assuming that Smith's motion was, as he argues, an attack on the identity of the substance, his claim fails, because he pleaded guilty to possession of cocaine base. See United States v. Bush, 70 F.3d 557, 562-63 (10th Cir. 1995) (sentencing for cocaine base upheld where defendant intended to plead guilty to offense involving cocaine base and indictment charged offense involving cocaine powder "and/or" cocaine base), cert. denied, 116 S. Ct. 795 (1996).

The judgment is affirmed.

A true copy.

Attest:

    CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.