**[PUBLISH]**

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

------------------------------------------------
No. 00-10828
------------------------------------------------

D. C. Docket No. 98-00003-CR-EBD

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 20, 2001
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES C. BURKE,

Defendant-Appellant.

------------------------------------------------------------------
Appeal from the United States District Court
for the Southern District of Florida
------------------------------------------------------------------
(July 20, 2001)

Before EDMONDSON, DUBINA and POLITZ*, Circuit Judges.

EDMONDSON, Circuit Judge:

_____

\* Honorable Henry A. Politz, U.S. Circuit Judge for the Fifth Circuit, sitting by designation.

This appeal involves the authority of defense counsel to decide whether to request a mistrial in a federal criminal trial. Defendant James C. Burke appeals his conviction of accepting a bribe from a government agent in violation of 18 U.S.C. §666(a)(1)(B). We affirm.

In a case involving several different charges, a jury convicted Defendant of one: accepting a bribe from a government agent while Defendant was a local official (in return for Defendant's political influence in two bond deals). Defendant argues that he was denied effective assistance of counsel when his defense counsel sought an <u>Allen</u> charge despite Defendant's request that his counsel join the prosecutors in asking for a mistrial.[1]

About five days after the jury had begun deliberating, the jury notified the district court that they had reached a verdict on all but two counts: bribery of a government official and money laundering. The government asked the district court to accept the verdict and to declare a mistrial on the remaining counts. Defendant says that he told his counsel that he also wanted to accept the verdict as it stood and to accept a mistrial. But Defendant's counsel instead requested the

---

[1] Defendant raises other issues in his appeal. Specifically, he argues that the district court erred in (1) its jury instructions, (2) denying Defendant's motion for acquittal based on insufficient evidence and (3) denying Defendant's motion for severance of the trial. After reviewing these claims, we deem them to be without merit.

district court to instruct the jury with a modified <u>Allen</u> charge. After a brief discussion on the issue, the court gave the <u>Allen</u> charge. Then about two hours later, the jury returned with a finding of guilty on the bribery count. The jury said that it was still hung on the money laundering count; so, the court then declared a mistrial on that remaining count.

Defendant filed a motion in the district court for a new trial based on ineffective assistance of counsel. Defendant contended that his counsel was ineffective for disregarding defendant's request to consent to a mistrial. The court accepted the facts set forth in Defendant's affidavit but concluded that defense counsel was not ineffective. The trial court concluded that the pertinent decision about mistrial was a tactical one that defense counsel was entitled to make. Defendant now appeals.

## DISCUSSION

The Supreme Court has said that a defendant has the ultimate authority to make fundamental decisions for his case. The Court has listed four decisions which it characterizes as fundamental: whether to plead guilty, waive a jury, testify in his or her own behalf or to take an appeal. <u>See</u> <u>Jones v. Barnes</u>, 103 S.Ct. 3308

(1983). But this list is all the Supreme Court has said about fundamental rights that belong solely to the defendant for decision.

Although a represented defendant does retain the absolute right to make limited choices for his case, neither the Supreme Court, nor this Court, has ever expanded the narrow class to include the choice of whether to accept a mistrial or to request an Allen charge. In the absence of case law on point, we decline to add to the list of a client's fundamental decisions. Put differently, we decline to expand the circumstances that erode defense counsel's authority at trial. Defense counsel in a criminal trial is more than an adviser to a client with the client's having the final say at each point. He is an officer of the court and a professional advocate pursuing a result -- almost always, acquittal -- within the confines of the law; his chief reason for being present is to exercise his professional judgment to decide tactics.

Federal courts are "forever adding new stories to the temples of constitutional law, and the temples have a way of collapsing when one story too many is added." Douglas v. Jeannette, 63 S.Ct. 877, 889 (1943) (Jackson, J., concurring in part and dissenting in part). When the defendant is given the last word about how his case will be tried, the defendant becomes his own trial lawyer. If we add to the list of circumstances in which a defendant can trump his counsel's

**4**

decision, the adversarial system becomes less effective as the opinion of lay persons are substituted for the judgment of legally trained counsel. The sound functioning of the adversarial system is critical to the American system of criminal justice. We intend to defend it.

Other circuits have been reluctant to expand the list of fundamental rights set forth by the Court in Jones and, instead, seem to have construed the list as exhaustive. See Sistrunk v. Vaughn, 96 F.3d 666, 670 (3rd Cir. 1996); United States v. Boyd, 86 F.3d 719, 723 (7th Cir. 1996). But today we need not decide whether the list is really exhaustive. In this case, we must only decide whether the decision not to request a mistrial (in circumstances like those here) is a fundamental decision that belongs to the defendant or whether it is a tactical decision left to the province of defense counsel.[2]

The Eighth Circuit has determined that a decision of whether to request a mistrial in a criminal trial is a tactical decision defense counsel can make even without consulting at all with the client. See Walker v. A.L. Lockhart, 852 F.2d 379 (8th Cir. 1988); see also United States v. Washington, 198 F.3d 721, 723 (8th

---

[2]Defendant does not argue ineffective assistance of counsel under the two-part test set out in Strickland v. Washington, 104 S.Ct. 2052 (1984). Instead, he argues that defense counsel was per se ineffective by not complying with Defendant's expressed wishes to seek a mistrial. But after applying the Strickland test, we conclude that defense counsel did not act unreasonably.

**5**

Cir. 1999) (decision to request mistrial and decision not to request mistrial are both tactical decisions left to defense counsel who need not consult client).

In addition, in Watkins v. Kassulke, 90 F.3d 138 (6th Cir. 1996), the Sixth Circuit concluded that the decision to consent to what was, in effect, a mistrial is a decision entrusted to trial counsel; counsel's decision will bind the defendant regardless of whether the defendant participates in the decision. See id. at 143. While Watkins involves a claim that the defense counsel erred by requesting a mistrial -- in contrast to the decision before us to not request a mistrial -- we believe Watkins to be instructive in this case. The reasoning upon which Watkins was based is identical to those reasons the Eighth Circuit expressed in Walker: the handling of mistrial issues are matters of trial strategy. See id.; see Walker, 852 F.2d at 382; see also Washington, 198 F.3d at 723 (decision to request mistrial treated same as decision not to request mistrial).

Also, the Seventh Circuit, addressing a different kind of ineffective assistance of counsel claim, has described "[t]he decision whether to move for a mistrial or instead to proceed to judgment with the expectation that the client will be acquitted [as] one of trial strategy." Galowski v. Murphy, 891 F.2d 629, 639 (7th Cir. 1989).

**6**

We, therefore, reject Defendant's contention that the decision to request a mistrial is a fundamental decision that only a defendant can make.  For the reasons they have explained, we join the other circuits that address this kind of issue.  We conclude that the decision to refrain from asking the court for a mistrial is a tactical decision entrusted to defense counsel, binding the defendant even when the defendant expressed a contrary wish to his lawyer.

**AFFIRMED**.