**UNITED STATES of America, Appellee,**

v.

**Robert WILLIAMS, Appellant.**

**No. 80–1141.**

United States Court of Appeals,
Eighth Circuit.

Submitted May 21, 1980.

Decided June 25, 1980.

Rehearing and Rehearing En Banc
Denied July 17, 1980.

Bruntrager & Bruntrager, St. Louis, Mo., for appellant.

Robert D. Kingsland, U. S. Atty. and Michael W. Reap, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before BRIGHT, HENLEY and McMILLIAN, Circuit Judges.

PER CURIAM.

Robert Williams appeals his conviction after a jury trial of possessing cocaine, in violation of 21 U.S.C. § 841(a)(1) (1976). The district court imposed a fifteen-year sentence on the appellant. We affirm the conviction.

On appeal, Williams challenges the seizure and introduction into evidence of two photographs of himself and a plumbing bill. Appellant contends that the seizure of these items exceeded the authorization contained in the warrant which described cocaine, talwin, and heroin as items to be taken.

An examination of the record discloses that the photographs seized show appellant wearing jewelry similar to jewelry found with cocaine in a jewelry box located in an upstairs bedroom of the appellant's premises. Further, the plumbing bill seized by the officers was introduced into evidence to show that the appellant occupied the premises where the officers found cocaine during

their search. Thus, the seized items in question tended to show that Williams was in constructive possession of the drugs and served to negate any inference that the contraband found in the jewelry box belonged to a woman who was in the premises at the time of the search.

Our resolution of this issue is controlled by the court's decision in *United States v. House*, 604 F.2d 1135 (8th Cir. 1979), where we said:

> [A]ppellant argues that the seizure of certain items during the execution of both search warrants unlawfully exceeded the scope of the warrants. Appellant challenges the seizure of a black leather jacket, a gun, a coin collection, and a photograph of the 1970 Cadillac from the apartment; keys and a wallet taken from appellant; and car ownership papers taken from the car. The government argues that the jacket, wallet, keys, and car ownership papers were seized to show constructive possession by appellant of drugs or money. Over $3,000 was found in the wallet; drugs were found in the jacket, a locked overnight bag in the bedroom closet, and the car. The government argues that these items constituted "mere evidence" that would aid in a particular apprehension or conviction. *Warden v. Hayden*, 387 U.S. 294, 307, 87 S.Ct. 1642, 18 L.Ed.2d 782 (1967). We find the government's position to be well taken. [*Id.* at 1142.]

*See also United States v. Davis*, 542 F.2d 743, 745 (8th Cir. 1976), *cert. denied*, 429 U.S. 1004, 97 S.Ct. 537, 50 L.Ed.2d 616 (1976); *United States v. Golay*, 502 F.2d 182, 184–86 (8th Cir. 1974). Accordingly, we hold that a logical nexus exists between the items in question and appellant's criminal behavior which justified the police seizure. *See Warden v. Hayden*, 387 U.S. 294, 307, 87 S.Ct. 1642, 1650, 18 L.Ed.2d 782 (1967).

Affirmed.