United States Court of Appeals
FOR THE EIGHTH CIRCUIT

_____

No. 96-1415
_____

| | | |
|---|---|---|
| Todd Edward Matthews, | * | |
| | * | |
| Plaintiff-Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Arkansas. |
| | * | |
| United States of America, | * | |
| | * | |
| Defendant-Appellee. | * | |

_____

Submitted: January 16, 1997

Filed: May 21, 1997
_____

Before HANSEN, Circuit Judge, and FLOYD R. GIBSON and HENLEY, Senior Circuit Judges.

_____

HANSEN, Circuit Judge.

Todd Edward Matthews, a federal prisoner, appeals the district court's[1] dismissal of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He argues that the district court erred by rejecting his claims of ineffective assistance of counsel and trial court error in his guilty plea proceeding.[2] We affirm.

## I.

In April 1992, Matthews pleaded guilty to one count of distributing cocaine base, in violation of 21 U.S.C. § 841(a)(1), and one count of money laundering, in violation of 18 U.S.C. § 1956(a)(3)(A). In exchange for his guilty plea, the government dismissed the remaining seven counts of the indictment. The district court sentenced Matthews to 20 years of imprisonment on the distribution count, 10 years of imprisonment on the money laundering count, and a 3-year term of supervised release. Matthews appealed his sentence to this court, and we remanded for resentencing. See United States v. Matthews, 5 F.3d 1161 (8th Cir. 1993). Upon remand, the district court recalculated Matthews' sentence, reducing the 10-year term of imprisonment to 51 months and again imposing a 20-year term of imprisonment for the distribution count and a 3-year term of supervised release. On appeal, we affirmed the judgment of the district court. See United States v. Matthews, 29 F.3d 462 (8th Cir. 1994).

---

[1]The Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas, sitting by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]Matthews also claimed a double jeopardy violation based on the civil forfeiture of his personal and real property that was seized through the execution of a search warrant. At oral argument, however, Matthews conceded that his double jeopardy claim is foreclosed by United States v. Ursery, 116 S. Ct. 2135, 2149 (1996), holding that in rem civil forfeitures "are neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause." Thus, we need not address this claim.

Matthews then filed this motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255. The district court denied the motion. Matthews appeals.

## II.

Matthews contends that his trial counsel was ineffective for failing to ensure that he understood the consequences of his guilty plea. Matthews also contends that his substantial rights were violated by the district court's failure to advise him of the effect of a term of supervised release. Matthews did not challenge any aspects of his guilty plea in his direct appeals. In the proceedings below, the government argued that Matthews' claims were not cognizable in a § 2255 motion because he did not raise them on direct appeal. Although the district court considered the merits of Matthews' claims, we conclude that he has procedurally defaulted them.

The failure to raise an issue on direct appeal acts to bar a petitioner from raising that issue for the first time in a section 2255 motion, and this rule applies equally when the conviction was entered pursuant to a guilty plea. Bousley v. Brooks, 97 F.3d 284, 287 (8th Cir. 1996), petition for cert. filed, (U.S. Mar. 18, 1997) (No. 96-8516). This procedural default may be excused only if the petitioner "can show both (1) a cause that excuses the default, and (2) actual prejudice from the errors that are asserted." Id. See United States v. Frady, 456 U.S. 152, 167-68 (1982).

Matthews asserted that his procedural default should be excused on the ground of ineffective assistance of counsel at his plea proceeding. To prove a claim of ineffective assistance of counsel, a convicted defendant must demonstrate first, that his counsel's performance was constitutionally deficient and second, that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Where the conviction was entered on the basis of a guilty plea, the second part of the test is slightly modified. In the guilty plea context, the convicted defendant must

3

demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); United States v. Prior, 107 F.3d 654, 661 (8th Cir.), petition for cert. filed, (U.S. Apr. 3, 1997) (No. 96-8478).

Applying this framework, we find it unnecessary to determine if Matthews' counsel performed in a deficient manner because we are satisfied that Matthews suffered no actual prejudice from counsel's alleged errors. Matthews alleged he pleaded guilty on his trial counsel's assurance that the potential sentencing range would be five to eight years of imprisonment. Regardless of what his trial counsel advised him concerning the length of the potential sentences that might result from his guilty pleas, the record demonstrates that the trial judge clearly explained the potential maximum sentence to Matthews at the plea proceeding. The trial court advised Matthews that he faced a maximum term of 40 years of imprisonment on one count and 20 years of imprisonment on the other count. (Plea Tr. at 7; Appellee's Adden. at 3.) The court further advised Matthews that it was the court's job to independently determine what sentence the law required. In each instance, Matthews indicated that he understood, and he proceeded to enter a plea of guilty. There is no indication that Matthews would not have pleaded guilty had his counsel, in addition to the trial judge, properly advised him of the maximum potential sentence.

Matthews' claim that the trial court failed to inform him of the effect of supervised release on his sentence is also defaulted, and Matthews alleges no cause and prejudice to excuse this default. Even if we were to address the merits, this claim would not warrant relief. While the trial court's failure to advise a defendant of the "effect of any supervised release term" constitutes error under Rule 11(c) of the Federal Rules of Criminal Procedure, United States v. Osment, 13 F.3d 1240, 1243 (8th Cir. 1994), the rule itself provides that any variance from the procedure set forth in Rule 11 shall be disregarded unless it affects substantial rights. Fed. R. Crim. P. 11(h). We have previously concluded that "a violation of Rule 11 is merely technical, and

therefore insufficient to justify section 2255 relief, if the violation 'does not present exceptional circumstances where the need for the remedy afforded by the writ of habeas corpus is apparent.'" Holloway v. United States, 960 F.2d 1348, 1352 (8th Cir. 1992) (quoting United States v. Timmreck, 441 U.S. 780, 783 (1979)). Such "exceptional circumstances" only exist where the Rule 11 error results in "'a complete miscarriage of justice'" or a situation that is "'inconsistent with the rudimentary demands of fair procedure.'" Id. The error was harmless in this case, because the maximum sentence imposed (even if Matthews were required to serve his supervised release term in prison) would amount to 363 months, less one day, which does not approach the maximum 40-year sentence of which the trial court advised Matthews. Cf. Osment, 13 F.3d at 1243 (holding the failure to advise a defendant of the effect of supervised release was not harmless error where the ultimate sentence, including the term of supervised release, was greater than the potential maximum penalty of which the district court advised the defendant). Thus, Matthews would not be entitled to section 2255 relief on this issue even if he had successfully alleged cause and prejudice for his default.

## III.

Matthews waived his right to collateral review of his section 2255 claims by failing to raise them in his direct appeal, and he has not successfully alleged cause and prejudice to excuse his procedural default. We have also considered the claims in Matthews' supplementary pro se brief and find them to be without merit. Accordingly, we affirm the judgment of the district court, dismissing Matthews' section 2255 motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.