# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 97-4309

_____

Miguel Delgado,          *

                               *

       Petitioner - Appellant,     *

                               *    Appeal from the United States

   v.                             *    District Court for the

                               *    Western District of Missouri.

United States of America,     *

                               *

       Defendant - Appellee.     *

_____

Submitted: May 13, 1998

Filed: December 7, 1998

_____

Before BEAM, LOKEN, and MURPHY, Circuit Judges.

_____

LOKEN, Circuit Judge.

In April 1993, a jury convicted Miguel Delgado of possession with intent to distribute cocaine and aiding and abetting in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 2. Delgado did not appeal. In 1996, he filed motions for post-conviction relief under 28 U.S.C. § 2255, claiming ineffective assistance of trial counsel and a right to be resentenced under the new "safety valve" provision in U.S.S.G. § 5C1.2. The district court[1] denied both motions. Delgado appeals, arguing

_____

[1]The HONORABLE SCOTT O. WRIGHT, United States District Judge for the Western District of Missouri.

the court erred in denying his claims of ineffective assistance without an evidentiary hearing, and that he is entitled to a reduced sentence under the safety valve. We deny as untimely the government's motion to dismiss the appeal and affirm.

## I.

In November 1992, local drug dealer Daniel Bebemeyer was arrested attempting to sell two kilograms of cocaine to an undercover agent in a Kansas City hotel room while Delgado waited outside in the hotel parking lot with the remaining three kilograms of the five kilogram transaction. Steve Deleon, a California friend of Bebemeyer and Delgado who had brokered the transaction, was arrested later that day. Delgado fled on foot, making his way back to his home in California where he was arrested two months later. Bebemeyer and Deleon pleaded guilty and testified that Delgado was the supplier for this and earlier cocaine transactions. Numerous FBI agents corroborated various aspects of this testimony with evidence such as fingerprints from the car in which the cocaine was found; records of phone calls between Delgado, Deleon, and Bebemeyer; and Delgado's Kansas City hotel receipts from the time of the transaction. Delgado testified in his own behalf, providing an innocent explanation of why he was in Kansas City with Deleon, and denying any knowledge of cocaine sales or the cocaine that was in the car from which he fled.

In this § 2255 proceeding, Delgado argues his lead trial counsel, retained attorney Manuel Lopez of Los Angeles, provided constitutionally ineffective assistance. To establish ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668 (1984), Delgado must prove that attorney Lopez's performance was deficient, overcoming the strong presumption that defense counsel's representation fell "within the wide range of reasonable professional assistance." Id. at 689. Delgado must also prove prejudice by demonstrating that absent counsel's errors there is a reasonable

probability that the result of the proceeding would have been different.  Id. at 694.[2]  We review these ultimate issues de novo.  See Lawrence v. Armontrout, 31 F.3d 662, 666 (8th Cir. 1994), cert. denied, 513 U.S. 1161 (1995).

Delgado first contends that Lopez failed to develop a "viable theory of defense at trial."  We are unable to review this contention because the record on appeal contains only a partial trial transcript that does not include closing arguments of counsel, the point in the trial when defense counsel's theory of the case would usually be best articulated.  We deduce from attorney Lopez's cross examination of Deleon and direct examination of Delgado that there was in fact a "viable theory" of innocence -- Deleon was a wealthy California entrepreneur, Delgado was a struggling businessman who became acquainted with Deleon while repairing his fancy cars, and Deleon lured the unsuspecting Delgado to Kansas City to seek out a new business venture, not to consummate a large drug deal.  This claim of ineffective assistance is without merit.

Delgado next argues that attorney Lopez "failed to develop certain exculpatory evidence."  This contention is based upon an affidavit from Delgado's local trial counsel, Willard Bunch.  In conclusory fashion, Bunch avers that co-counsel Lopez should have developed evidence supporting Delgado's testimony on various peripheral issues -- how Delgado traveled to and from Kansas City, whether Delgado was interested in possible business opportunities in Kansas City, whether money wired to California was intended for someone else, whether Delgado lacked financial resources, that Deleon "was heavily involved in the drug trade," and that Bebemeyer's phone notes might have referred to other employees at Delgado's place of business.  A review of the partial trial transcript demonstrates that most of what attorney Bunch now says

---

[2]We reject as fundamentally inconsistent with Strickland and Hill v. Lockhart, 28 F.3d 832, 837-39 (8th Cir. 1994), cert. denied, 513 U.S. 1102 (1995), Delgado's unsupported assertion that the failure of defense counsel "to put forth any semblance of a defense" is a structural error for which prejudice is assumed.

Lopez should have developed would have been cumulative to what Lopez in fact presented. Moreover, Bunch's affidavit does not specify what additional evidence was available and notably fails to aver that he urged Lopez to do more at the time of trial. Because Delgado made no showing of what other witnesses were available, how they would have testified, and why such additional evidence would likely have affected the result, he has failed to prove either that counsel's assistance was ineffective, see Wing v. Sargent, 940 F.2d 1189, 1191 (8th Cir. 1991), or prejudice, see Sanders v. Trickey, 875 F.2d 205, 210-11 (8th Cir.), cert. denied, 493 U.S. 898 (1989); Stokes v. Armontrout, 851 F.2d 1085, 1095 (8th Cir. 1988), cert. denied, 488 U.S. 1019 (1989).

Delgado next argues that attorney Lopez failed to adequately prepare Delgado for his trial testimony. The partial trial transcript refutes this claim. Lopez led Delgado through a direct examination in which Delgado told about his business plans with Deleon, Deleon's expensive house and cars, the reason for Delgado's trip to Kansas City, and how Delgado came innocently to be in a car with three kilograms of cocaine. Delgado emphatically denied any involvement in illegal drug trafficking. Unfortunately for him, his story was improbable and full of inconsistencies, and the jury chose to believe Bebemeyer and Deleon. The adverse verdict was not, however, attributable to ineffective assistance by attorney Lopez.

Finally, Delgado argues the district court erred in denying an evidentiary hearing on these ineffective assistance claims. A § 2255 "petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact." Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). We review the denial of an evidentiary hearing for abuse of discretion. See Widgery v. United States, 796 F.2d 223, 224 (8th Cir. 1986). Here, Delgado's assertions of ineffective assistance were stated in conclusory fashion. These assertions were contradicted by attorney Lopez's performance as revealed by the trial transcript. The supporting affidavit from

attorney Bunch lacked inherent credibility and failed to specify what additional evidence could be developed at an evidentiary hearing. In these circumstances, the same district judge who tried the case clearly did not abuse his discretion in concluding that Delgado's ineffective assistance claims are all inadequate on their face. See Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996); Porcaro v. United States, 832 F.2d 208, 212-13 (1st Cir. 1987).

## II.

Delgado argues he should be resentenced under U.S.S.G. § 5C1.2, which provides that drug offenders should be sentenced in accordance with the applicable guidelines, without regard to any statutory minimum sentence, if they meet stringent criteria found in 18 U.S.C. § 3553(f)(1)-(5). Delgado was sentenced on July 26, 1993. The statutory "safety valve," 18 U.S.C. § 3553(f), applies only to "sentences imposed on or after the 10th day beginning after the date of enactment," or September 23, 1994. Violent Crime Control and Enforcement Act, Pub. L. 103-322, § 80001(c), 108 Stat. 1796. Likewise, the companion Guidelines safety valve, U.S.S.G. § 5C1.2, became effective September 23, 1994. Favorable guidelines amendments may be used to reduce an earlier sentence only if such a reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Commission lists Guidelines amendments that may be retroactively applied to lower a previous sentence in U.S.S.G. §1B1.10(c). Consistent with Congress's decision not to make § 3553(f) retroactive, amendment 509 which enacted § 5C1.2 is not listed in § 1B1.10(c). Therefore, § 5C1.2 may not be applied to reduce Delgado's sentence. Moreover, even if § 5C1.2 had been in effect at the time of Delgado's sentencing, we see no indication he satisfied his "burden to show, through affirmative conduct, that he has given the government truthful information and evidence about the relevant crimes before sentencing." United States v. Weekly, 118 F.3d 576, 581 (8th Cir.), cert. denied, 118 S. Ct. 611 (1997).

The judgments of the district court dated March 26, 1997, and June 16, 1997. are affirmed.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.