# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-3565

_____

Bruce Kelly Evans,

          Appellant,

v.

United States of America,

          Appellee.

\*
\*
\*
\*  Appeal from the United States
\*  District Court for the Southern
\*  District of Iowa.
\*
\*

_____

Submitted:  September 14, 1999

Filed:  January 6, 2000

_____

Before WOLLMAN, Chief Judge, HEANEY, and BEAM, Circuit Judges.

_____

BEAM, Circuit Judge.

Bruce Kelly Evans appeals the district court's[1] denial of his motion for an evidentiary hearing on his claim of ineffective assistance of counsel in this action for habeas corpus relief under 28 U.S.C. § 2255.  We  affirm.

_____

[1]The Honorable Charles R. Wolle, United States District Judge for the Southern District of Iowa.

## I.    BACKGROUND

Evans was shot in the the face by his wife at their home. When the police arrived to investigate the shooting, they noticed marijuana residue on the kitchen table. The police later obtained a warrant to search the house for, among other things, drugs and drug paraphernalia. While conducting the search, the officers found and seized several photographs and two rolls of undeveloped film. The photographs depicted Evans's marijuana growing operation, including a picture of Evans sitting at a table that is covered with marijuana. Evans was arrested and indicted on one count of conspiring to manufacture and distribute marijuana, one count of using a firearm in relation to a drug trafficking crime, and two counts of being a felon in possession of a firearm.

Evans challenged the search and seizure of the photographs and undeveloped rolls of film at a suppression hearing, claiming that these items were not within the scope of the warrant. At the suppression hearing, the Assistant United States Attorney told the district court that the rolls of undeveloped film contained "family pictures" and that these "family pictures" would not be presented at trial. This statement ended any further argument regarding the undeveloped rolls. The district court denied Evans's motion to suppress the photographs that had been seized from the house because the photographs fell within the plain view exception to the warrant requirement. The photographs were introduced at trial where Evans, who was tried jointly with several co-conspirators, was convicted of conspiracy, use of a firearm in drug trafficking, and being a felon in possession of a firearm. We upheld the denial of the motion to suppress on appeal, agreeing with the district court's plain view analysis. See United States v. Evans, 966 F.2d 398 (8th Cir. 1992).

Evans now says that there was evidence available before the suppression hearing showing that the photographs admitted at trial actually came from the undeveloped rolls of film. He contends that if the photographs came from the undeveloped rolls, his Fourth Amendment rights were violated because the undeveloped rolls were not within

the plain view exception. He claims that an evidentiary hearing would allow him to conclusively establish that the photographs came from the undeveloped rolls and that his counsel was ineffective for failing to raise this issue at the suppression hearing.

## II. DISCUSSION

A section 2255 petition can be dismissed without an evidentiary hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusory. See Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998). We review the denial of a motion for an evidentiary hearing for abuse of discretion. See id. We find that even if we were to accept Evans's contentions as true, he would not be entitled to relief.

To establish an ineffective assistance of counsel claim, Evans must prove that counsel's performance was deficient. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Evans must also prove prejudice by demonstrating that absent counsel's errors, there is a reasonable probability that the result of the proceeding would have been different. See id. at 694.

Evans argues that his counsel's performance was deficient because his counsel did not properly review all of the government's evidence prior to the suppression hearing. Evans says that if his counsel had reviewed the evidence, he would have noted that: (1) in an interview of Evans's wife, Cynthia, a police officer told her that the photographs "were undeveloped" and that "[t]hey had the film developed"; and (2) during grand jury testimony, Evans's wife stated that she saw the photographs when she spoke with the police officers.

We question whether Evans can show deficient performance by his counsel. Assuming that his counsel had not reviewed all of the evidence, we are not convinced

that careful scrutiny of the government's materials would have led counsel to conclude that the photographs at issue came from the undeveloped rolls of film.[2] However, we need not decide whether counsel's performance was inadequate because we find that Evans was not prejudiced by any claimed deficient performance. See Strickland, 466 U.S. at 697 (noting that a court need not determine whether counsel's performance was deficient before determining whether defendant was prejudiced).

We find that Evans cannot demonstrate prejudice because a review of the record from the six-day trial shows that there was significant evidence against him.[3] At trial, Dwight Stowe, a co-conspirator, testified that Evans helped him start a marijuana growing operation. Evans provided grow lights and delivered marijuana plants to Stowe. Evans also advised Stowe on treating a fungus that had attacked Stowe's marijuana plants. Stowe also testified that after growing, cutting, trimming, drying, and bagging the plants, he sold marijuana to Evans.

The government presented numerous other witnesses who aided Evans's marijuana operation or were solicited by Evans to grow marijuana. Robert Bechtol also

---

[2]We think it is a stretch to conclude that an isolated statement by the police officer would have given counsel reason to think the police developed the rolls of film. Moreover, the grand jury testimony proves only that Cynthia Evans saw the photographs at the police interview–not that the photographs came from the undeveloped rolls of film.

[3]Furthermore, there has been no showing that the photographs would have been suppressed even if Evans had shown that they came from the undeveloped rolls. Photographs from the undeveloped rolls may have been admissible as within the scope of the warrant. See United States v. Williams, 623 F.2d 535 (8th Cir. 1980) (denying motion to suppress photgraphs seized based on warrant that authorized cocaine, talwin, and heroin as the items to be seized); State v. Petrone, 468 N.W.2d 676 (Wisc. 1991) (denying motion to suppress because police do not need additional warrant to develop rolls of film that were properly seized based on warrant that authorized search of home). However, we need not reach this question.

-4-

testified that Evans helped him set up a growing operation. Evans provided Bechtol with growing lights, buckets, drip pans, and marijuana seeds, and Evans took some of the marijuana that Bechtol produced. Ronald Dukes testified that Evans solicited him about growing marijuana. While Dukes declined to become a grower for Evans, Dukes did help Evans clean marijuana on 50 to 100 occasions and helped Evans sell bags of marijuana once or twice a week for a period of about two years. Nathan Ward also testified that Evans asked him to start a marijuana growing operation. Evans told Ward that he would provide the lights, marijuana plants, and fertilizer. Cynthia Evans testified that she drove Evans around while he sold marijuana and that Evans carried marijuana in plastic bags. Cynthia also helped Evans, Ron Dukes, and Evans's brother, Jack Evans, dry marijuana. She testified that she heard conversations between Evans and his brother about how to divide proceeds from the marijuana sales. In view of the substantial amount of other evidence against Evans, we find no prejudice from the introduction of the photographs at trial.

To prove prejudice, Evans points only to a statement at the sentencing hearing that the pictures were "overwhelming to them [the jury] in their deliberations" and that the jury found the photographs corroborative of Cynthia Evans's testimony. However, this statement was made by counsel for Rhonda DeWitt, one of Evans' co-defendants, in arguing for a lesser sentence for DeWitt. The evidence against DeWitt was thin, and she was largely convicted on the strength of the photographs because Cynthia Evans testified that the photographs were taken in DeWitt's kitchen. Thus, the photographs may have been a substantial factor in corroborating the testimony of Cynthia Evans to obtain the conviction of DeWitt, but they were not a substantial factor in the conviction of Bruce Kelly Evans.

## III.   CONCLUSION

For the foregoing reasons, the decision of the district court is affirmed.

HEANEY, Circuit Judge, dissenting.

Nothing is more important to the public and to law enforcement than the integrity of law enforcement officers. Their integrity should only be questioned if there is a sound basis for so doing. Such a basis clearly exists here.

At a hearing on defendant Bruce Kelly Evans' motion to suppress evidence, a law enforcement officer, Sheriff Larry G. Jones, testified that in executing a search warrant on Evans' home he found developed photographs that showed Evans with what appeared to be illegal substances. On the basis of this testimony, the district court denied Evans' motion to suppress these pictures and we affirmed. See United States v. Evans, 966 F.2d 398 (8th Cir. 1992). Substantial evidence has now been presented which indicates that the photographs were not developed until after the search. If this is true, the bases of the opinions of the district court and this court would be obviated. Thus, I believe we have no alternative–both for the public's protection and to preserve the integrity of law enforcement–but to remand this case for an evidentiary hearing to resolve the question of whether Evans' trial counsel was ineffective for failing to investigate Evans' claim that the pictures introduced at trial were undeveloped at the time of the search. For this reason, I respectfully dissent.

On May 4, 1989, Jones executed a search warrant on Bruce and Cynthia Evans' home. The warrant authorized officers to search for and seize one .22 caliber handgun, marijuana residue, one spent bullet, any and all weapons, drug paraphernalia, and illegal drugs. It also authorized the officers to search for and seize property that was relevant and material as evidence in a criminal prosecution. While searching an upstairs bedroom closet, Jones found a box of photographs. According to Jones, in this

box he observed four incriminating photographs in plain view. One photograph features a large number of marijuana plants. Another shows Evans sitting at a table covered with marijuana plants. The other two photographs depict Evans at the same table, displaying what the government believed to be a controlled substance.

An inventory of items seized indicates that Jones and his fellow officers also seized two rolls of undeveloped film. The government concedes that law enforcement officers subsequently developed these rolls of film. Nothing in this record indicates that the officers believed the undeveloped film would be relevant and material as evidence in a criminal prosecution when they seized the film.

Evans moved to suppress the incriminating photographs. At the suppression hearing, the prosecutor advised the court that the undeveloped film contained only family photographs, which would not be introduced at trial. The prosecutor further stated that the incriminating photographs were developed and in plain view at the time of the search. Evans' counsel did not challenge the government's claim, nor did he accept the prosecutor's invitation to review evidence in the government's file. Jones testified consistently with the prosecutor's theory of the discovery of the photographs. On the basis of Jones' testimony, the district court denied Evans' motion, finding that the incriminating photographs were in plain view and properly seized. Evans subsequently was convicted. Relying on Jones' testimony, we affirmed the admission of the photographs and Evans' conviction. See United States v. Evans, 966 F.2d 398 (8th Cir. 1992).

In this § 2255 action, Evans argues that his trial counsel was deficient for not accepting the prosecutor's invitation to review the government's file of evidence. Evans contends that if counsel had done so, he would have recognized that the incriminating photographs introduced at trial were unconstitutionally seized and thus inadmissible.

Evans argues that a June 5, 1989 interview of Evans' wife, Cynthia, by Officers Jim Cullen and Donnie Powell, and Ms. Evans' grand jury testimony tend to show that the incriminating photographs were in fact undeveloped at the time of the search and were subsequently developed by the government.

On June 5, 1989, Cullen and Powell interviewed Cynthia Evans. While showing her some photographs, Cullen said, "[t]hese here Cindy. They was evidently, they were undeveloped. They had the film developed. Can you tell us where them's taken?" (Appellant's App. at 98.) Ms. Evans replied that the photographs were taken at Rhonda Dewitt's house. At that point, Cullen noted that the photographs show a porcelain table, and he asked Ms. Evans whether Dewitt had such a table. Ms. Evans replied that Dewitt did.

The incriminating photographs introduced at trial show Bruce Evans at Dewitt's house. Three of the photographs depict Evans behind what appears to be a porcelain table. Based on the similarities between the pictures that Cullen describes in his interview with Ms. Evans and the incriminating photographs introduced at trial, it appears that they are one and the same–that is, the photographs introduced at trial were undeveloped when seized. Thus, the photographs could not have been in plain view at the time of the search.

Cynthia Evans' grand jury testimony further convinces me that the photographs introduced at trial were the ones Cullen stated were undeveloped when seized. While testifying, Ms. Evans was shown a photograph. The following exchange occurred:

Q:    Okay. I show you what we've marked as Grand Jury Exhibit 4 and ask if you can identify that.
A:    That's Bruce at Ronda's [sic] house.
Q:    Okay. Were you there when that picture was taken?
A:    No.
Q:    Okay. How do you know it's Ronda's [sic] house?

A:    I can tell it's her house.  I've seen it.
Q:    Okay.
A:    I seen the picture after it was taken.
Q:    Where did you see the picture after it was taken?
A:    When I talked to Donnie Powell and Jim Cullen last summer.

(Appellant's App. at 150-51.)

It appears from Ms. Evans' testimony that Grand Jury Exhibit 4 was one of the photographs shown to her by Cullen on June 5th.  It is clear that when Ms. Evans states she was shown Exhibit 4 while talking with Cullen and Powell that she is talking about her June 5 interview.  The only photographs she was shown during the interview were the ones Cullen stated were undeveloped.  Moreover, it appears that this same photograph was one of the incriminating photographs introduced against Evans at trial, as the prosecutor's description of Exhibit 4 closely matches the description of one of the photographs introduced at trial.[4]

At the very least, there is more than sufficient evidence to entitle Evans to an evidentiary hearing on whether the photographs introduced at trial were undeveloped when seized.  See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) ("A prisoner is entitled to an evidentiary hearing on a section 2255 motion unless the motion, files and records of the case conclusively show that the prisoner is not entitled to relief.").  Because the records here do not conclusively show that Evans is not entitled to relief, Evans must receive an evidentiary hearing.

_____

[4]Specifically, the prosecutor, referencing the photograph, asks Ms. Evans, "Okay.  That's Bruce? . . . Would he wear disguises from time to time, or was he just clowning around?"  (Appellant's App. at 151.)  Similarly, one of the incriminating photographs introduced at trial shows Evans disguising his face with a bandana.

The majority apparently does not contest the fact that the photographs may have been undeveloped when seized. Rather, they question whether Evans' counsel was deficient by failing to review the government's evidence, and conclude that even if counsel was deficient, Evans was not prejudiced because "there was significant evidence against him." Ante at 4. I disagree.

It is clear to me that Evans' counsel was deficient if he did not take advantage of the government's offer to view the evidence in its file, because even a cursory review of that evidence would have raised serious questions as to whether the incriminating photographs were undeveloped when seized. The majority considers it "a stretch to conclude that an isolated statement by the police officer would have given counsel reason to think the police developed the rolls of film." Ante at 4 n.2. I disagree. The officer's statement is quite clear: "These here Cindy. They was evidently, they were undeveloped. They had the film developed." (Appellant's App. at 98.) Moreover, these statements by Officer Cullen are not buried deep within some obscure document. Rather, they are in the first transcribed paragraph on the first page of the Cynthia Evans interview, making them quite easy to find if counsel would have taken the time to review the government's evidence.

As to prejudice, if the incriminating photographs were undeveloped at the time of the search and developed later by the government, in my view Evans would be entitled to relief. The admission of the photographs at trial was based on the plain view exception to the warrant requirement. See Evans, 966 F.2d at 400. The plain view exception also served as our basis for affirming the admission of these photographs. See id. However, if the incriminating photographs were undeveloped at the time of the search, their incriminating nature would not have been apparent, let alone immediately so. See Horton v. California, 496 U.S. 128, 136 (1990) ("[N]ot only must the item be in plain view; its incriminating nature must also be immediately apparent." (internal

-10-

quotation omitted)).  Thus, the plain view exception would have been inapplicable, and no basis would have existed for admitting the incriminating photographs.[5]

---

[5]In dicta, the majority opines that the photographs, even if not in plain view, may still have been admissible.  For authority, the majority cites two cases, one from our circuit, United States v. Williams, 623 F.2d 535 (8th Cir. 1980) (per curiam), and one from the Supreme Court of Wisconsin, State v. Petrone, 468 N.W.2d 676 (Wis. 1991). Neither supports its proposition.

In Williams, the photographs in question were already developed and in plain view at the time of seizure.  They depicted the defendant wearing jewelry that was found in a box along with cocaine.  Thus, the photographs tended to associate the defendant with the cocaine because in them he was wearing jewelry found with the contraband.  We held that the photographs, although not enumerated as items to be seized in the warrant, were admissible because there was a logical nexus between the photographs and the defendant's criminal behavior.  See Williams, 623 F.2d at 536.

In Petrone, the warrant specifically authorized the seizure of "all camera, film, or photographic equipment used in the taking, processing and development of photographic pictures."  468 N.W.2d at 678.  The Wisconsin Supreme Court held that undeveloped film was included in this warrant, and thus the seizure of undeveloped film was not beyond the scope of the warrant.  See id. at 679-80.

Evans' case cannot be analogized to either Williams or Petrone.  The government has not argued, and no case to my knowledge has ever held, that a sufficient nexus exists between criminal drug activity and undeveloped film to allow officers, without a warrant's authority, to seize undeveloped film as evidence of criminal activity. Moreover, unlike the warrant in Petrone, the warrant here did not expressly authorize the seizure of film.

Thus, I adhere to the well-grounded proposition that if law enforcement officers, without a warrant's authorization, seize undeveloped film and subsequently develop the photographs, they would be inadmissible at the defendant's trial.  See Walter v. United States, 447 U.S. 649, 656 (1980) (plurality opinion) ("When an official search is properly authorized–whether by consent or by the issuance of a valid warrant–the scope of the search is limited by the terms of its authorization." (footnote omitted)); Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388, 394 n.7 (1971) ("[T]he Fourth Amendment confines an officer executing a search warrant strictly within the bounds set by the warrant . . . ."); Marron v. United States, 275 U.S. 192, 196 (1927) ("The requirement that warrants shall particularly describe the things

I disagree with the majority's suggestion that constitutionally deficient representation of a defendant is rendered nonprejudicial where there is other "significant evidence against him." Ante at 4. In concluding that Evans would have been convicted even without the admission of the incriminating photographs, the majority engages in speculation unsupported by the record or the law of this circuit. To prevail on an ineffective assistance of counsel claim, Evans "need not show that he could not have been convicted. Instead, he need only undermine our confidence in the trial's outcome." Foster v. Lockhart, 9 F.3d 722, 726 (8th Cir. 1993). If, but for counsel's deficient performance, there is a reasonable probability that the result of the proceeding might have been different, Evans is entitled to relief. See Voytik v. United States, 778 F.2d 1306, 1310 (8th Cir. 1985). As the above cases demonstrate, our court recognizes when we find some evidence to have been inadmissible, often other evidence remains against a defendant. Therefore, we do not require a defendant to completely exonerate himself in order to prevail in a collateral challenge to a conviction. I know of no case in our circuit holding that a §2255 movant will be denied relief any time there is other "significant evidence" against him, and am troubled by the majority's failure to cite any authority for this broad proposition.

Although other evidence was introduced against Evans at trial, the record indicates that the photographs were the most damaging. The prosecutor referenced the pictures as evidence of guilt in both his opening statement and his summation. At the sentencing hearing, an attorney who polled the jurors stated, "I know from talking to the jurors that the pictures were overwhelming to them in their deliberations . . . ." (Appellant's App. at 227.) Even the district court agreed that the pictures corroborated

_____

to be seized makes general searches under them impossible and prevents the seizure of one thing under a warrant describing another. As to what is to be taken, nothing is left to the discretion of the officer executing the warrant."); United States v. Robbins, 21 F.3d 297, 300 (8th Cir. 1994) ("The general rule, of course, is that police may only seize items described in the search warrant, absent an exception to the warrant requirement.").

-12-

Cynthia Evans' damaging testimony. This is noteworthy because Ms. Evans' credibility was in question: all charges against her for her involvement in the conspiracy and for her attempted murder of Bruce Evans were either dismissed by the government or never filed. Accordingly, if Evans' claims are true, the introduction of the incriminating photographs clearly prejudiced his defense.

It seems clear to me that this dispute could be resolved quite efficiently through an evidentiary hearing. At that hearing, the government could simply produce the negatives from the rolls of film it developed. Because the government will only have negatives for the rolls of film that it developed, and not for previously developed photographs, such a hearing could indisputably put to rest this issue. If those negatives show the family pictures that the government claims it developed, then Evans has not been prejudiced by his counsel's performance and his ineffective assistance of counsel claim would fail. However, if the negatives depict, as Evans claims, the same photographs introduced against him at trial, he is entitled to relief. The matter is especially important because the integrity of law enforcement officers is at issue. The prosecutors should be as interested in resolving the question of whether the photographs were undeveloped when seized (and accordingly, whether law enforcement officers lied to the courts) as the defendant. I would remand to district court with instructions to conduct an evidentiary hearing.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

-13-