# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 99-4020

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Southern |
| v. | * | District of Iowa. |
| | * | |
| Shawn Eugene Davis, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: September 12, 2000

Filed: October 16, 2000

_____

Before RICHARD S. ARNOLD, FAGG, and BYE, Circuit Judges.

_____

PER CURIAM.

The Government charged Shawn Eugene Davis with conspiracy to distribute and possess with intent to distribute crack cocaine, using and carrying a firearm during and in relation to the drug conspiracy, illegally possessing a firearm, possessing crack cocaine, and two counts of distributing crack cocaine. Davis pleaded guilty to the conspiracy charge, and the Government dropped the other charges. The district court sentenced Davis to 262 months in prison. Davis made no direct appeal, but later filed a pro se motion to vacate, set aside or correct his sentence, see 28 U.S.C. § 2255, claiming ineffective assistance of counsel. In his motion, Davis contends trial counsel

encouraged Davis to enter a guilty plea based on counsel's erroneous belief that Davis faced a mandatory life sentence under the "three strikes" law, 18 U.S.C. § 3559(c), which Congress enacted on September 13, 1994, after the conspiracy and other charged crimes occurred.  See United States v. Farmer, 73 F.3d 836, 841 (8th Cir. 1996).  Davis also contends trial counsel did not adequately review the applicability of § 3559(c) in Davis's case before advising him to enter a guilty plea, trial counsel did not tell Davis he could attempt to withdraw his guilty plea, and appellate counsel did not file a direct appeal.  The district court denied the motion without a hearing and Davis appeals.

A § 2255 motion "'can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible or conclusions rather than statements of fact.'" Delgado v. United States, 162 F.3d 981, 983 (8th Cir. 1998) (quoting Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995)).  To establish ineffective assistance of counsel, Davis must show both that his attorney's performance was constitutionally deficient and that the deficient performance prejudiced his defense.  See Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997).  Because Davis pleaded guilty, to prove prejudice he must show "'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Id. at 114 (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).  Davis is bound by his plea and resulting conviction unless he can show his attorney's ineffective assistance rendered his plea involuntary.  Davis cannot make this showing.

Before the plea agreement was reached, the Government told Davis's attorney it might supersede the indictment and add charges relating to an incident in March 1996.  If the Government had done so, § 3559(c) would have applied.  Thus, defense counsel did not misadvise Davis by warning him of  possible exposure to a mandatory life sentence, and Davis has not shown his guilty plea was induced by ineffective assistance of counsel.

Davis's claim that trial counsel failed to inform him he could attempt to withdraw his guilty plea likewise fails. Because Davis cannot show his plea was involuntary, he has no basis for withdrawing his plea, and his attorney's failure to advise him he could withdraw his plea was not deficient performance. Davis suffered no prejudice from appellate counsel's failure to file a direct appeal because ineffective assistance claims are generally presented in collateral proceedings and not on direct appeal. See Garrett v. United States, 78 F.3d 1296, 1304 (9th Cir. 1996). In addition, Davis's only assertion that he instructed appellate counsel to file an appeal is an unverified statement in his brief, and nothing in the record corroborates the statement. See Holloway v. United States, 960 F.2d 1348, 1358 (8th Cir. 1992).

The district court did not abuse its discretion in concluding Davis's ineffective assistance claims are all inadequate. See Delgado, 162 F.3d at 983. We thus affirm the denial of Davis's § 2255 motion.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.