# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-3345

_____

Philip J. Simon,                      *

                           *

        Appellant,        *

                           *   Appeal from the United States

    v.                    *   District Court for the

                           *   District of Nebraska.

United States of America,    *    [UNPUBLISHED]

                           *

        Appellee.        *

_____

Submitted:  February 14, 2002

Filed:  February 20, 2002

_____

Before WOLLMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Philip J. Simon appeals the district court's[1] denial of his 28 U.S.C. § 2255 motion. We affirm.

In 1999, Simon pleaded guilty to possessing with intent to manufacture, distribute, and dispense marijuana in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. At sentencing, he received a career-offender enhancement under U.S.S.G. §

_____

[1]The Honorable Richard G. Kopf, Chief Judge, United States District Court for the District of Nebraska.

4B1.1 and was sentenced to 188 months' imprisonment and 8 years' supervised release. Simon appealed his sentence, arguing that one of the felonies underlying his career-offender status, a Nebraska conviction for attempting to possess marijuana with intent to deliver, was not a controlled substance offense under the career-offender Guideline. We rejected his argument and affirmed his sentence. See United States v. Simon, No. 99-3033 (8th Cir. March 23, 2000).

Simon then filed the instant section 2255 motion, arguing that the other felony underlying his career-offender status, a California conviction for "transport/sale" of marijuana, did not qualify as a controlled substance offense and that his counsel was ineffective for failing to raise the argument on direct appeal.

As the district court noted, Simon may not challenge in this section 2255 proceeding the use of his California conviction to establish career-offender status at sentencing, unless he can show "cause" excusing his failure to raise the issue on direct appeal, and "actual prejudice." See Matthews v. United States, 114 F.3d 112, 113 (8th Cir. 1997), cert. denied, 522 U.S. 1064 (1998). We agree with the district court that Simon has failed to show that he received ineffective assistance constituting "cause" to excuse the procedural default, see Auman v. United States, 67 F.3d 157, 162 (8th Cir. 1995), because the sentencing court had ample evidence to support its conclusion that the California conviction constituted a controlled substance offense under the career-offender Guideline, see United States v. Newton, 259 F.3d 964, 968 (8th Cir. 2001).

The judgment is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.