# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-1719

_____

United States of America,

                Appellee,

v.

Sylvan Anthony Pinque,

                Appellant.

\*
\*
\*
\*
\*   Appeal from the United States
\*   District Court for the District
\*   of Minnesota.
\*
\*       [UNPUBLISHED]
\*

_____

Submitted:  February 11, 2003

Filed:  April 2, 2003

_____

Before BOWMAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Sylvan Pinque was convicted on two counts of distributing cocaine base (crack) and two counts of conspiring to distribute and to possess crack with the intent to distribute it. *See* 21 U.S.C. §§ 841(a)(1), 846. When he appealed his convictions, we affirmed. *See United States v. Pinque*, 234 F.3d 374, 379 (8th Cir. 2000), *cert. denied*, 532 U.S. 1044 (2001). Mr. Pinque then moved for post-conviction relief under 28 U.S.C. § 2255, contending that the sentencing court erroneously applied a ten-year mandatory minimum sentence to two of the counts on which he was

convicted and that his counsel was ineffective for failing to challenge that application. The district court[1] held a hearing and denied the motion. We affirm.

## I.

The basis for Mr. Pinque's claims is the sentencing court's conclusion that "the minimum term of imprisonment is 10 years" for two of the counts with which Mr. Pinque was charged. Mr. Pinque argues that this was an incorrect statement of the law and that all four counts that he was charged with carried a mandatory minimum sentence of five years. Assuming *arguendo* that the sentencing judge was mistaken as to the applicable mandatory minimum sentence, we conclude that that mistake did not prejudice Mr. Pinque in any way. Based upon Mr. Pinque's total offense level and criminal history, the sentencing guidelines provided for a term of imprisonment of between 121 and 151 months. Therefore, the shortest sentence that Mr. Pinque could have received was 121 months, and the mistake as to the minimum mandatory sentence was immaterial.

Mr. Pinque argues that if he had known that the minimum mandatory sentence was five years rather than ten, he would have urged additional reasons on the court for a downward departure. But Mr. Pinque does not identify any grounds for departing that the sentencing court did not already consider. Accordingly, we reject Mr. Pinque's argument.

## II.

Mr. Pinque also claims that his counsel was ineffective for failing to object to the sentencing court's reference to the ten-year mandatory minimum sentence. To succeed on this claim, Mr. Pinque must show that his counsel's performance was

---

[1]The Honorable Michael J. Davis, United States District Judge for the District of Minnesota.

deficient and that the deficient performance prejudiced his defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

We need not decide whether counsel was deficient, because, as we have already said, there was no prejudice to Mr. Pinque in any event. *See id.* at 697; *see also Evans v. United States*, 200 F.3d 549, 551 (8th Cir. 2000). He therefore cannot demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *Strickland*, 466 U.S. at 694. His ineffective assistance claim thus must fail.

For the foregoing reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.