# United States Court of Appeals

## FOR THE EIGHTH CIRCUIT

_____

No. 08-1381

_____

Nona Lee Champion,

            Petitioner - Appellant,

v.

United States of America,

            Respondent - Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*

_____

No. 08-1386

_____

Cecelia Ann Stanifer,

            Petitioner - Appellant,

v.

United States of America,

            Respondent - Appellee.

\*
\*
\*
\*
\*
\*
\*
\*
\*

Appeals from the United States
District Court for the
District of Minnesota.

[UNPUBLISHED]

_____

Submitted: March 11, 2009
Filed: April 6, 2009

_____

Before WOLLMAN, BRIGHT, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

In these related appeals, Nona Champion and Cecelia Stanifer (collectively "appellants") challenge the district court's[1] denial of their 28 U.S.C. § 2255 petitions, in which they argue that they received ineffective assistance of counsel. Because appellants did not receive ineffective assistance of counsel, we affirm the district court's denial of their § 2255 petitions.

## FACTS AND PROCEDURAL HISTORY

I.    Underlying proceedings

A.    Facts pertinent to Champion

In July 2006, Champion pleaded guilty to one count of conspiracy to commit bank fraud and one count of possessing a counterfeit security, in violation of 18 U.S.C. §§ 371 and 513(a). In her plea agreement, Champion waived her right to appeal "all appellate issues that might have been available if she had exercised her right to trial[,]" including any sentence within the applicable Sentencing Guidelines range for an offense level of 29 or "the manner in which [her sentence] was determined in any collateral attack, including but not limited to a motion brought under [28 U.S.C. § 2255]."

_____

[1]The Honorable Paul A. Magnuson, United States District Judge for the District of Minnesota.

At Champion's February 2007 sentencing, the district court found her total offense level to be 25 and, based on a criminal-history category of V, computed a Guidelines range of 100-125 months' imprisonment. Champion's attorney disputed the applicability of a four-level enhancement for her leadership role, but the district court found that it applied. The district court granted the government's motion for a

downward departure based on Champion's substantial assistance and sentenced her to 73 months on the possession count and 60 months on the conspiracy count, to run concurrently. Champion did not file a direct appeal.

B. Facts pertinent to Stanifer

In May 2006, Stanifer pleaded guilty to one count of conspiracy to commit bank fraud and one count of possessing a counterfeit security, in violation of 18 U.S.C. §§ 371 and 513(a). Like Champion, Stanifer waived her right to appeal "all appellate issues that might have been available if she had exercised her right to trial[,]" including any sentence within the applicable Sentencing Guidelines range for an offense level of 29 or "the manner in which [her sentence] was determined in any collateral attack, including but not limited to a motion brought under [28 U.S.C. § 2255]."

At Stanifer's February 2007 sentencing, the district court found her total offense level to be 24 and, based on a criminal-history category of V, computed a Guidelines range of 92-115 months' imprisonment. The district court granted the government's motion for a downward departure based on Stanifer's substantial assistance. Additionally, the district court granted Stanifer's request for a downward departure based on an overstated criminal history. The district court ultimately sentenced her to 70 months' imprisonment. Stanifer, like Champion, did not file a direct appeal.

II.     Postconviction proceedings

In November 2007, Champion and Stanifer each filed a § 2255 petition, asserting that they received ineffective assistance of counsel. In December 2007, the district court denied each of the petitions without a hearing, and granted certificates of appealability on their claims of ineffective assistance of counsel. These appeals follow.

## DISCUSSION

A district court's decision in a habeas claim of ineffective assistance of counsel presents a mixed question of law and fact. *See United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003). We review the ineffective-assistance issue de novo but the underlying findings under the clearly erroneous standard. *See id.*

Appellants make several substantive arguments. Champion asserts that she received ineffective assistance of counsel at sentencing because her counsel failed to object to the finding in the presentence-investigation report ("PIR") that she was the leader of the conspiracy. Stanifer contends that she received ineffective assistance of counsel at sentencing because her counsel failed to object to the PIR's criminal-history calculation, conducted an inadequate investigation of her case, and was inexperienced. Stanifer also disputes her counsel's advice to plead guilty.

The government asserts that appellants have waived their right to bring a § 2255 petition, and, therefore, we should dismiss the appeals without reaching their substantive ineffective-assistance claims. In these cases, the district court recognized that the waivers might apply but nevertheless resolved the cases on the merits. We do the same.

To prove ineffective assistance of counsel, a defendant must show that her counsel's representation was deficient and that the deficient performance prejudiced

her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Auman v. United States*, 67 F.3d 157, 162 (8th Cir. 1995). The first part of the test requires a showing "that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In making that assessment, we presume that counsel's conduct falls within the wide range of reasonable professional assistance. *See id.* at 689. The second prong of the test requires a showing that, but for counsel's deficiency, there is a reasonable probability that the result of the proceeding would have been different. *See id.* at 694. We address appellants' arguments in turn.

I.      Champion

Champion makes one substantive ineffective-assistance claim: trial counsel failed to object at the sentencing hearing to the PIR's assessment that she played a leadership role in the conspiracy.

Champion's plea agreement provides that "[a] 3 level increase is applicable inasmuch as [she] was a manager or supervisor and the criminal activity involved five or more participants and was extensive[.]" However, the plea agreement also provides that Champion is "free to argue that a 2 level increase is applicable."

The PIR recommended applying a four-level enhancement under U.S.S.G. § 3B1.1(a) because Champion "was a leader or organizer of the criminal activity which involved five or more participants or was otherwise extensive." In her sentencing position and at the sentencing hearing, Champion's counsel objected to this calculation, arguing that only a two-level enhancement under § 3B1.1(c) is appropriate. The district court overruled the objection and applied the four-level enhancement, calling Champion "the leader of the pack."

Even if Champion could establish that her counsel demonstrated deficient performance, she has not shown prejudice.[2] *See Strickland*, 466 U.S. at 697 (noting that a court need not engage in the analysis of both prongs of the ineffective-assistance inquiry when "the defendant makes an insufficient showing on one"). In her testimony at the plea hearing, Champion stated facts sufficient to support the district court's finding that she was a leader of the conspiracy. Champion described how (1) the illegal scheme worked, (2) a co-conspirator would steal checks from the mail and give them to her, (3) she distributed the counterfeit checks to other co-conspirators to be cashed, and (4) she typically received one third of the proceeds, despite the presence of many other individuals. Champion also said that the conspiracy had (1) at least five participants, (2) a total financial loss that exceeded $400,000, and (3) more than fifty victims. Thus Champion's testimony shows that she was at the center of an extensive conspiracy, and, accordingly, the record contains independent support– notwithstanding counsel's failure to object to the PIR– for the district court's finding that she was a leader of the conspiracy under § 3B1.1(a). Because Champion cannot show prejudice, the district court did not err by denying her petition.[3]

---

[2]The government argues that Champion's counsel objected to the district court's calculation and, therefore, Champion cannot succeed on *Strickland's* first prong. We need not resolve this issue, but we note that Champion's counsel argued only that the *two-level enhancement* should not apply. In other words, Champion's counsel did not dispute the *fact that* Champion played a leadership role in the offense.

[3]Champion also contends that the district court improperly denied her an evidentiary hearing. But no such hearing is required when "the allegations . . . are contradicted by the record, inherently incredible or conclusions rather than statements of fact." *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998) (internal quotation marks omitted). Because Champion's allegations are contradicted by the record and involve conclusions rather than statements of fact, no such hearing was required.

## II.    Stanifer

Stanifer makes three substantive ineffective-assistance claims arising from her sentencing, arguing that her counsel (1) failed to object to the PIR's criminal-history calculation, (2) failed to independently investigate the case, and (3) was inexperienced. Additionally, Stanifer contends that she received ineffective assistance when her counsel advised her to plead guilty without "advising [her] of the available options and the possible consequences."

After our careful review of the record, we conclude that Stanifer did not receive ineffective assistance of counsel. The plea agreement and the district court's thorough colloquy belie Stanifer's argument that she did not knowingly and voluntarily plead guilty. As for Stanifer's other alleged errors, even if an error could be shown, she has not shown prejudice. For example, even if her counsel failed to object to the PIR's criminal-history calculation, Stanifer has presented no evidence that her PIR would have been different but for counsel's failure to object. Additionally, even if counsel failed to independently examine Stanifer's criminal history and find other witnesses, Stanifer has not even alleged that the criminal history is inaccurate or that the witnesses would have undermined confidence in her conviction. Finally, even if counsel's inexperience rose to the level of a constitutional deficiency, Stanifer only speculates about the possible prejudice of such an error. The district court gave careful considerations to the contentions made by petitioners and properly rejected petitioners' claims.

## CONCLUSION

For the foregoing reasons, we affirm.

_____